CHARLES B. SOLBERG vs. CHRISTIAN PETERSON and another.

February 3, 1881.

Chattel Mortgage in Fraud of Creditors.—Evidence in this case *held* sufficient to sustain the finding, that a certain chattel mortgage was fraudulent as respected the mortgagor's creditors, and also to sustain the finding as to the value of the mortgaged goods.

On May 1, 1878, Jacob Olson made and delivered to the plaintiff a chattel mortgage upon all his stock in business. On May 4, 1878, the defendant, as sheriff of Fillmore county, seized the stock of goods, which was still in the possession of Olson, under certain writs of attachment issued in favor of the creditors of Olson. On the same day, claiming under his chattel mortgage, the plaintiff brought this action in the district court for said county to recover possession of the stock.

Upon the trial before *Page*, J., a jury being waived, Olson testified in behalf of defendant: "I had an inventory made about the time when the mortgage was given. . We valued it (the stock) at about $3,300. * * * That was the stock just when I mortgaged it, and that is what the sheriff attached. I owed Mr. Solberg at that time $1,100 or $1,200, I guess. * * * * * He told me he wanted the mortgage to save his pay, and I told him I would like to run along so that I could get the money and collect my bills that were out. * * * * He said if I gave a mortgage to him, the other creditors could not break me up, that was the reason he wanted me to give a mortgage." On cross-examination: "I remember refusing and saying I would not give a mortgage under any circumstances. I thought it was too much interest. * * * * * * He was to help me and force a settlement with my creditors." The court found the mortgage fraudulent as to Olson's creditors, and ordered judgment against plaintiff. A motion for a new trial was denied by *Farmer*, J., and the plaintiff appealed.

*E. N. Donaldson*, for appellant.

*C. N. Enos*, for respondent.

BERRY, J. There is sufficient evidence in this case that the chattel mortgage was made, not only for the purpose of securing the plaintiff's claim, but also for the purpose of putting the mortgaged property out of the reach of the mortgagor's other creditors, and hindering and delaying them in the collection of their demands, and, probably, of forcing such creditors to a settlement of some kind. That this evidence is contradicted is not important. As to the value of the mortgaged goods, the evidence goes to show that at or just about the time when the mortgage was executed, an invoice was made, in taking which both plaintiff and the mortgagor participated, finding the goods to be worth $3,300, and that the goods so valued constituted "the stock" mortgaged. It further appears that the plaintiff took possession of the goods, and foreclosed his mort-

gage by selling the same. In these circumstances, as there is no evidence attacking or impugning the correctness of the invoice valuation, we think it sufficient to uphold the value adjudged by the court below, to wit, $3,000.

Order affirmed.